PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL
SERRANO, Defendant and Appellant.

No. 4644.  Argued June 22, 1932.—Decided December 9, 1932.

*Agustín E. Font* and *Edelmiro Soldevila* for appellant.  *R. A. Gó-
mez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

The complaint which is the basis of this prosecution was
filed in the Municipal Court of Ponce.  It charges the defend-
ant with the commission of the crime provided in section 440
of the Penal Code, and in its pertinent part it says:

"In that the defendant, Rafael Serrano, sometime during May,
1930, in Ponce, . . . wilfully and unlawfully and with the in-
tent to defraud the City of Ponce Gas Co., . . . and for the pur-
pose of evading the payment of the corresponding charges, connected

a pipe to the service pipe for illuminating gas that said corporation had installed to supply illuminating gas to the defendant's house and by means of this pipe thus fraudulently connected by the defendant the latter could use and consume as he did fraudulently use and consume as much as he wished of the illuminating gas of said corporation, without the amount of illuminating gas fraudulently used and consumed by Rafael Serrano being registered on the meter that the City of Ponce Gas Co. had put in the defendant's house for this purpose, said meter having been removed by said corporation long before the defendant, on the date indicated above, had been surprised using and consuming, as has been previously stated, the illuminating gas of the City of Ponce Gas Co., the defendant defrauding the said corporation by using the said illuminating gas fraudulently without paying for the use and consumption thereof, to the extent of several hundred dollars, lawful money of the United States."

The defendant then insisted that it was a felony and not a misdemeanor wherefore the court had no jurisdiction on appeal, and the court decided that it was a misdemeanor.

Evidence having been presented, that court found the defendant guilty. The defendant took the present appeal. He alleges in his brief that the court erred (1) in holding that it had jurisdiction, (2) in denying the motion to dismiss the prosecution, and (3) in weighing the evidence.

The first two errors may be and should be considered jointly. If the information charges the crime provided and made punishable by section 440 of the Penal Code, not only was the motion to dismiss the prosecution properly denied but the jurisdiction of the court is clear. If not, the prosecution must absolutely fail.

Section 440 of the Penal Code reads as follows:

"Sec. 440. Every person who, with intent to injure or defraud, makes, or causes to be made any pipe, tube, wire, or other instrument, and connects the same or causes it to be connected with any main, service pipe or other pipe, wire, or other connection used for supplying illuminating gas or electricity in such a manner as to supply illuminating gas or electricity to any burner, orifice, globe, or other connection by or at which illuminating gas or electricity

is consumed, around or without passing through a meter provided for the measuring and registering the quantity consumed or in any other manner so as to evade the payment therefor, and every person who with like intent obstructs its action, is guilty of a misdemeanor.''

In support of his contention the appellant states in his brief:

''Although the information in its caption states that the same arises from a violation of section 440 of the Penal Code, said information properly considered does not fall within said section and on the contrary charges the commission of the crime of grand larceny. . .

''The circumstance that the accused made use of the connection of a pipe to commit the crime, as alleged, does not make section 440 of the Penal Code applicable. Note that this section deals primarily with fraudulent connections—where?—around the meter, and note well that in the information on record it is said clearly and definitely that there was no such meter in this case. . .

''The information alleges only that the defendant connected the pipe. The section cited requires in addition that the defendant should have made or caused to be made the pipe in question, and this was not alleged in the information . . .

''To arrive at the conviction that it is indispensable to allege that the accused made the pipe or caused it to be made, section 440 must be compared with section 441 which follows it. . . when the Legislature in referring to a water conduit omitted in section 441 the phrase ''who makes or causes to be made any pipe' and included it in section 440 in referring to a gas conduit, it is evident that the crime defined in section 440 is not complete without the concurring element embraced in the phrase 'who makes or causes to be made any pipe.'

''But the aforementioned is not the only deficiency of the information. In order for the latter to state sufficient facts under said section 440, it must aver clearly and precisely that the pipe thus connected supplied illuminating gas 'to any burner, orifice, globe, or other connection, by or at which the gas is consumed or transmitted.' The information does not allege this. . .''

Section 440 is part of Chapter V, Title XVII of the Penal Code. The title comprises ''Crimes Against Property'' and the chapter on ''Larceny.'' The chapter begins with section 426, which defines larceny as ''the felonious stealing, tak-

ing, carrying, leading, or driving away the personal property of another." Sections 427 to 431 inclusive deal with the classification of larceny into grand and petit larceny. These are the general provisions. Then follow sections 432 to 444 which deal with special cases of larceny, to wit: conversion of real estate into personal property, finding of lost property, theft of evidence of debt, and of railroad or other tickets for passage, receiving stolen goods, bringing stolen property into Puerto Rico, fraudulent connection of wires or pipes to secure gas or electricity (which is the case herein), fraudulent connection of pipes to secure water, property saved from fire when owner it not notified, removal from or destruction of real property after mortgaging same, drawing of water with fraudulent intent.

Section 440 of the Penal Code of Puerto Rico is identical with section 498 of the Penal Code of California, which is also included in the chapter that deals with the crime of larceny.

The parties have not cited nor have we been able to find any continental decision especially construing section 498 of California. Section 440 of Puerto Rico has already been construed by this Supreme Court in the case of *People* v. *Palacios*, 41 P.R.R. 925.

Pomeroy, as well as Kerr, cites at the foot of section 498 the case of *Commonwealth* v. *Shaw*, 4 Allen (Mass.) 308, Am. Dec. 706. In the corresponding volume of Am. Dec. reference is made to the cases of *State* v. *South*, 75 Am. Dec. 250, note 253, *State* v. *Homes*, 57 Am. Dec. 269, for the purpose of illustrating what constitutes larceny.

The study of all of the said cases permits the conclusion that the legislatures of California and of Puerto Rico properly included the special crime now dealt with in the chapter on "Larceny" of the Penal Code. Gas as well as electricity may be stolen. And when they are removed with criminal intent, this constitutes larceny and not embezzlement.

Was this special crime of larceny charged in this case? In our judgment the answer must be in the affirmative.

We believe that the statutory provision was drawn in its present form perhaps with the idea of including not only the consumer of the fraudulently obtained gas but also the person who uses his knowledge to make such fraud possible by manufacturing the pipe to make or by making the connection, with fraudulent intent, of course.

As to the use of the word ''and'' preceding the words ''connects it,'' it is evident that it does not mean that, for the crime to exist, it is necessary for the person who makes the connection or causes it to be made to be the same one who makes the pipe or causes it to be made. As the trial court aptly said when denying the motion to dismiss the prosecution:

''There are many cases which hold that the word 'and' may be and should be interpreted as meaning 'or'.

''In the case of *United States* v. *Wight,* 38 Fed. 106, it was held that where a statute provided that it would be an offense to steal or destroy a letter and steal the contents thereof, that the word 'and' meant 'or,' that it was not necessary that the person stealing the letter should also open it and steal the contents.

''Likewise in the case of *State* v. *Smith,* 46 Wyo. 670, it was held that where a statute provided that the father and mother of a child less than six years of age who should be exposed for the purpose of abandonment, etc., it did not mean that both the father and the mother had to commit the crime, but that the word 'and' could mean that either the father or the mother could commit the crime.

''In the case of *State* v. *Miles,* of Wyoming, in which the possession, passing, and putting into circulation of counterfeit money was made punishable, it was held that the word 'and' could mean 'or,' and that the mere possession of counterfeit money was sufficient and that it was not necessary to allege and prove that it had been put into circulation.''

See the recent decision of this Court in the case of *Estela* v. *Heirs of Medraño, ante,* p. 143.

As to the information not stating sufficient facts because it does not express clearly and precisely that the pipe thus connected supplied gas to some burner, orifice, globe, or other connection in which gas was consumed or transmitted, it is

sufficient to remember that the information distinctly charges the accused with the fact that by virtue of a pipe that he put in place and of the connection that he made to the service pipe of illuminating gas of the City of Ponce Gas Co., he could use and consume, as he did use and consume, such of the gas of said corporation as he wished, evading payment of the corresponding charges; and to remember also that the statute contains the words "or in any other manner," which cause it to comprise means and situations not specified in the same.

Referring to these words in the case of *People* v. *Palacios, supra,* this Court said:

"It is true that the law specifies certain means by which the offense may be committed and that none of them was employed by the defendant in the instant cases, but the statute also says: 'or in any other manner,' and within this broad language is included the means used by the defendant to commit the act prohibited by the law."

What led the legislator to adopt the special provision? Were the general provisions relating to larceny contained in the Penal Code not sufficient?

These general provisions would have sufficed for the majority of cases, since it has been decided that gas and electricity may be converted with criminal intent, the conversion constituting larceny. But the legislator, perhaps foreseeing the difficulty of proving the conversion, made the act of doing the work necessary for conversion sufficient for the commission of the crime, and moreover punished, as a principal, as we have already stated, the person who sees fit to use his knowledge in the service of fraud.

Moreover, the classification has in no way prejudiced the defendant. On the contrary it has helped him because, while perhaps he could have been prosecuted for and convicted of a felony, he was merely accused and convicted of a misdemeanor.

The third error assigned is nonexistent. The evidence is strong. It supports the conviction.

The judgment appealed from must be affirmed.